MICHAEL J. SULLIVAN, ESQ
*Admitted Pro Hac Vice*
Ashcroft Law Firm, LLC
200 State Street, 7th Floor
Boston, MA 02109
Tel. (617) 573-9400
Fax. (617) 933-7607

Attorney for Defendants,
Theresa Keeping, Dale Merkel
and 1727482 Alberta Ltd. Inc.

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WISHCRUISE PIRATE ADVENTURES, LTD., a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>THERESA KEEPING, as an individual, DALE MERKEL, as an Individual; 1727482 ALBERTA LTD. INC., a limited liability company, SHAWN SIMON, as an individual d/b/a Simon's HOLDING LTD.; CECIL STEIN, as an individual; VINKING MARINE ENTERPRISES, INC.; PORT HARMON AUTHORITY, INC.; and Does 1-25, inclusive,<br><br>Defendants. | CASE NO: SACV14-00004 AG (DFMx)<br>CASE NO: SACV14-00012-AG (DFMx)<br><br>NOTICE OF MOTION AND MOTION TO CONSOLIDATE ACTIONS PURSUANT TO FRCP RULE 42(A) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION<br><br>SUBMISSION DATE: 2/4/14<br><br>BEFORE: HONORABLE ANDREW J. GUIFORD<br><br>HEARING DATE: 3/24/14, 10:00 AM, Courtroom 10D. |

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ...............................................................................3
**NOTICE OF MOTION AND MOTION TO CONSOLIDATE ACTIONS** ......4
**MEMORANDUM OF POINTS AND AUTHORITIES** .......................................6
  **INTRODUCTION** ................................................................................................6
**STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY**....8
  **I.** *CHUCK FOSTER, an individual, Plaintiff ,vs. THERESA KEEPING, an individual; DALE MERKEL, an individual; and DOES 1 through 25, inclusive, Defendants,* **SACV14-00004 AG (DFMx)**..........................................9
  **II.** *WishCruise Pirate Adventures Ltd. v. Theresa Keeping et al.*, **SACV14-00012 AG (DFMx)**................................................................................10
**ARGUMENT** ........................................................................................................11
  **I.  LEGAL STANDARD FOR CONSOLIDATION**.......................................11
  **II.  COMMON QUESTIONS OF LAW AND FACT EXIST BETWEEN THE TWO ACTIONS**...........................................................................................11
  **III.  CONSOLIDATION PROMOTES JUDICIAL ECONOMY AND WILL REDUCE EXPENSES FOR THE PARTIES** ........................................15
  **IV.  CONSOLIDATION WILL REDUCE RISKS OF INCONSISTENT FINDINGS OF FACT AND JUDGMENTS** .......................................................16
  **V.  CONSOLIDATION DOES NOT PREJUDICE EITHER PARTY, AND THERE IS NOT A RISK OF DELAY TO TRIAL OF EITHER MATTER AS A RESULT OF CONSOLIDATION** .........................................16
**CONCLUSION** ....................................................................................................17

# TABLE OF AUTHORITIES

**Cases**

*In re Air Crash Disaster at Florida Everglades on December 29, 1971*, 549 F. 2d. 1006 (5th Cir. 1977) ..............................................................................................11

*See In re Adams Apple, Inc.* 829 F. 2d 1484, 1487 (9th Cir. 1987)………………15

*Mills v. Beach Aircraft Corp.*, 886 F. 2d. 758, 762 (5th Cir.1989) .........................16

**Rules**

Fed. R. Civ. P. 42(a)................................................................................................10

## NOTICE OF MOTION AND MOTION TO CONSOLIDATE ACTIONS

TO PLAINTIFFS AND THEIR RESPECTIVE COUNSEL OF RECORD:

Please take notice that on March 24, 2014 at 10:00 AM, or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Andrew J. Guiford, Judge of the United States District Court, Central District of California, located at 411 W. Fourth Street, Santa Ana California, 92701, Defendants Theresa Keeping and Dale Merkel shall, and hereby does, move the Court pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and this Court's inherent authority to control its docket, for an order consolidating all further proceedings, allowing for one set of pleadings and a single judgment, in the following cases:

*CHUCK FOSTER, an individual, Plaintiff ,vs. THERESA KEEPING, an individual; DALE MERKEL, an individual; and DOES 1 through 25, inclusive, Defendants*, SACV14-00004 AG (DFMx); and *WishCruise Pirate Adventures Ltd. v. Theresa Keeping et al.*, SACV14-00012-DOC (DFMx) .

This motion is made pursuant to Rule 42(a) and the Court's inherent authority to maintain an orderly disposition of matters pending on its docket. Further, the actions for which the defendants are seeking consolidation involve common questions of law and fact, such that consolidation of this case is in the best interests of judicial economy and in the interests of justice, will reduce the resources required of the parties in litigation, and will not cause prejudice to the Plaintiffs.

This motion is based on this motion, the memorandum of points and authorities attached hereto, on the pleadings and papers filed in this action and in the state court action prior to removal, and on any such additional evidence and argument as may be presented at the hearing on the motion.

This motion is made following the conference of counsel and pro per plaintiff pursuant to Local Rule 7-3, which took place on January 31, 2014. Counsel for the plaintiff in the matter of *WishCruise Pirate Adventures Ltd. v. Theresa Keeping et al.* represented his client's assent to consolidation of these matters. Pro se plaintiff Chuck Foster in the matter of *Foster v. Keeping*, et al. was not willing to offer his assent to consolidation, requiring the filing of this Motion and Memorandum.

Respectfully Submitted,

Dated: February 4, 2014                ASHCROFT LAW FIRM, LLC

/s/Michael J.Sullivan
Michael J Sullivan, Esq.

/s/Amy D. Barry, Esq.
Amy D. Barry, Esq.

*Admitted Pro Hac Vice*
Attorneys for Defendants,
Theresa Keeping, Dale Merkel
And 1727482 Alberta Ltd., Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

# INTRODUCTION

The moving defendants, Theresa Keeping and Dale Merkel, respectfully move that this Court issue an order consolidating further proceedings in which they are named as defendants in the following cases:

*CHUCK FOSTER, an individual, Plaintiff, vs. THERESA KEEPING, an individual; DALE MERKEL, an individual; and DOES 1 through 25, inclusive, Defendants,* SACV14-00004 AG (DFMx) ("Foster Action", "First Filed Action") and *WishCruise Pirate Adventures Ltd. v. Theresa Keeping et al.*, SACV14-00012-AG (DFMx) ("WishCruise Action", "Second Filed Action").

As detailed further herein, these cases raise legal and factual issues that are virtually identical. Specifically, both cases are seeking damages for a breach of oral contract claim(s) filed by the plaintiff, Chuck Foster or through what is essentially his alter-ego LLC, WishCruise Pirate Adventures, Ltd. The allegations of both complaints arose from the same set of operative facts. The allegations contained in the first filed matter of *Foster v. Keeping* are in fact, re-alleged in the second filed matter, *WishCruise Pirate Adventures,* as is detailed further herein. A determination by the Court and/or a Jury of whether or not there has existed alleged contract(s), and further, whether the defendants are in breach of these alleged contract(s) is of necessity a threshold matter that would be dispositive of any additional charges, allegations, and requests for damages in both matters.

Further, any additional requests in the second filed matter which are not presented in the first filed matter and vice versa, for example, a request for the imposition of a constructive trust on certain funds in Canada alleged to be a source

of the plaintiff's damages, are inextricably linked, as these allegations arise from the same alleged facts and alleged conduct of the parties.

Finally, the additionally named parties in the second filed matter, namely 1727482 Alberta Ltd., Inc, a limited liability company, Shawn Simon, as an individual d/b/a Simon's Holding Ltd; Cecil Stein, as an individual; VinKing Marine Enterprises, Inc.; and Port Harmon Authority, Inc., each are either:

- Nominal defendants (at best) who have not been served to date (as of February 4, 2014 the moving defendants have no knowledge of completed service or allegations of completed service upon Shawn Simon, as an individual d/b/a Simon's Holding Ltd; Cecil Stein, as an individual, or Port Harmon Authority, Inc.) ; and/or

- Have no apparent causal connection to this matter beyond being business entities in which the defendants Theresa Keeping and Dale Merkel have or had a financial and/or ownership interest (namely VinKing Marine Enterprises, Inc., Port Harmon Authority, Inc., and 1727482 Alberta Ltd., Inc.) ; and/or

- Are current or former business contacts of Theresa Keeping and Dale Merkel whose connection to this litigation is nominal and tenuous at best (namely defendants Simon and Stein, who as aforestated, have also not been served in this matter to the moving defendants' knowledge).

Consolidation of these matters will not result in prejudice to any of the named parties, and it is in the best interest of the Court to avoid needless duplication of effort and consumption of additional time and expenses by both the Court and all parties. Further, the interests of justice and the public interest in the conservation of public resources justify the granting of this motion for consolidation.

**STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY**

These matters were filed in California Superior Court, County of Orange on May 23, 2013 and December 3, 2013, respectively. Notices of Removal and Removal to Federal District Court, Central District of California, Southern Division, were entered on January 2, 2014 and January 3, 2014 respectively. The first filed matter was originally assigned to the Honorable Andrew J. Guilford, and the second filed matter was originally assigned to the Honorable David O. Carter, but was transferred to the Honorable Andrew J. Guilford pursuant to General Order 8-05 and the Court's finding that the cases were substantially related.

Prior to removal, neither case had significant procedural progress. Service under the Hague Convention was allegedly effected in the first filed matter on December 3, 2013, and in the second filed matter on December 4, 2013, upon the defendants Theresa Keeping and Dale Merkel, who are Canadian citizens. The plaintiff has alleged that service upon the named defendant VinKing Marine Enterprises, Inc., a Canadian entity, occurred on December 4, 2013. The plaintiff has also alleged that service upon the named defendant 1727482 Alberta Ltd., Inc. a Canadian entity, occurred on December 4, 2013. All other named defendants have either not been served or allegations of purported service have not been made (through a filed proof of service or other document) to the knowledge and belief of the moving defendants. The parties in both matters first stipulated to 30 day extensions for filing of responsive pleadings to the complaints, which required a filing by the defendants in the *Foster* and *Wishcruise* matters on February 7, 2014 and February 8, 2014 respectively. A second stipulation to extend the response deadlines to February 21, 2014 and February 22, 2014 following a meet and confer conference held on January 31, 2014 was reached in order to give the plaintiffs in both matters time to consider their claims and allegations in light of the defendants stated intent to file Motions to Dismiss in both matters.

This motion is made following the conference of counsel for the moving defendants, plaintiff's counsel in the *Wishcruise* matter and pro per plaintiff pursuant to Local Rule 7-3 which occurred on January 31, 2014.  Attorney Lotta stated during this conference that he was willing to stipulate to consolidation on behalf of the plaintiff in the second filed matter (*Wishcruise Pirate Adventures*).  The pro per plaintiff in the Foster matter however was unwilling to stipulate to consolidation of these matters as requested by the moving defendants.

### I. *CHUCK FOSTER, an individual, Plaintiff ,vs. THERESA KEEPING, an individual; DALE MERKEL, an individual; and DOES 1 through 25, inclusive, Defendants,* SACV14-00004 AG (DFMx)

Chuck Foster, plaintiff in pro per, purports to be the Manager of a charitable organization doing business in California called "WishCruise Pirate Adventures, Ltd." ("WCPA"), which is registered as an LLC in the State of Nevada. *See* Notice of Removal, Docket No. 1, Notice of Related Cases, Attachment 1H, WCPA, LLC Registration, accessed on 12/17/2014.  He alleges that the moving defendants entered into an oral contract to fund his charitable endeavors.  He further alleges the moving defendants breached this alleged oral contract.  Specific allegations include that the moving defendants committed fraud, negligence, breach of contract, and a breach of implied covenant of good faith and fair dealing with regards to alleged oral contract(s) and/or agreement(s), and a conspiracy to misrepresent their ability to fund his charitable endeavors through WCPA and/or a charitable entity called Wish Cruise Navy.  *See* Notice of Removal, Docket No. 1, Foster Complaint, pg. 10.

The *Foster* action seeks general damages in the amount of $50,000.00, compensatory damages in the amount of $25,000.00, and filed a separate Statement of Damages in which it was stated that the plaintiff was seeking

punitive damages in the amount of $750,000.00. *See* Notice of Removal, Docket. No. 1, Foster Complaint, page. 15, ¶1, Plaintiff's Statement of Damages, pg. 2.

## II. *WishCruise Pirate Adventures Ltd. v. Theresa Keeping et al.*, SACV14-00012 AG (DFMx)

The plaintiff in the second action is named as WishCruise Pirate Adventures, Ltd., a Nevada Limited Liability Company of which Chuck Foster is the only named Manager in available public filings from the Nevada Secretary of State website. *See* Notice of Removal, Docket No. 1, Notice of Related Cases, Attachment 1H, WCPA, LLC Registration, accessed on 12/17/2014. This Complaint again alleges that the moving defendants entered into an oral contract to fund WishCruise Pirates Adventures, Ltd. This Complaint specifically alleges Fraud, Breach of Fiduciary Duty, and Negligence, and adds allegations of Conversion (CCC §3336), and requests for the Imposition of a Constructive Trust with regards to funds the plaintiff alleges were wrongfully "converted" from a Canadian account owned by the moving defendants, Theresa Keeping and Dale Merkel. *See* Notice of Removal, Docket No. 1, WishCruise Complaint. The plaintiff alleges this account, titled 1727482 Alberta Ltd., Inc., a limited liability company, was intended by an oral agreement between the parties to be a "trust/holding account" for WishCruise Pirate Adventures, Ltd.'s funds. According to the plaintiff's allegations and damage claims, these funds originated from the moving defendants and were allegedly promised to WCPA/WCPA's Manager Chuck Foster by the defendants Keeping and Merkel. *See* WishCruise Complaint, ¶19, 21, 31.

The WishCruise action seeks general damages in the amount of $1,413,687.00 ($50,000.00 of which is duplicated from the first filed action), $450,000.00 in compensatory damages, and exemplary/punitive damages in the

amount of $3,827,374.00.  *See* Notice of Removal, Docket No. 1, Plaintiff's Statement of Damages, pg. 2.

## ARGUMENT

### I.  LEGAL STANDARD FOR CONSOLIDATION

The principles governing consolidation are found in Rule 42(a) of the Federal Rules of Civil Procedure.  Rule 42(a) provides as follows:

> "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a)

The purpose of Rule 42(a) is to promote consolidation in cases which present common questions of law or fact.  Consolidation is typically favored, and may be ordered on motion of any party or by the Court when it is reasonably determined that consolidation would promote efficient disposition of a case.  *See In re Air Crash Disaster at Florida Everglades on December 29, 1971*, 549 F. 2d. 1006 (5th Cir. 1977).

### II.  COMMON QUESTIONS OF LAW AND FACT EXIST BETWEEN THE TWO ACTIONS

The first item which Courts generally address when determining whether consolidation is proper for pending matters is whether there are common questions of law/fact to be addressed in each matter.  In these two matters pending before this Court it is clear that the actions arise from the same operative alleged facts; namely, from allegations that the moving defendants are in breach of one or several oral agreements purportedly made with the plaintiff Chuck Foster and/or with his organization WishCruise Pirate Adventures, Ltd. to finance

and/or become part owners of WCPA. The allegations that differ between the two complaints are that the first complaint contains an allegation of conspiracy related to the alleged oral contracts, whereas the second complaint alleges conversion of funds and requests the imposition of a Constructive Trust. These allegations are inextricably linked to the same core set of alleged facts and occurrences; both cases will require the same preliminary legal determination of whether an oral contract or contract(s) existed between the parties.

A chart identifying the same and/or substantially similar allegations in the two Complaints is attached hereto as Exhibit 1. Several representative examples are excerpted from Exhibit 1 and reproduced below to demonstrate the same, substantially similar and often identical nature of the central allegations within the two complaints:

| **Foster Complaint** | **WishCruise Complaint** |
|---|---|
| ¶12. 1727482 Alberta Ltd. was represented by defendant Keeping as being the "holding company" she created to timely distribute the $1,467,169 WCPA capitalization funds needed to pay for the estimated $1.2511M to $1.311M construction of the 75' "pirate theme" boat ("boat") to be built in Long Beach, California by Gambol Industries, Inc. ("Gambol"). The balance of said funds was for WCPA's start-up and initial operating expenses. Thereafter, as WCPA generated boat-related revenue, said "holding company" would be the entity used to receive entitled proceeds on defendant Keeping's behalf. | ¶15. The purpose of the 1727482 Alberta LLC, and its subsequently established RBC bank account by the same name, was:<br><br>a. To receive and exclusively distribute Keeping's WCPA $1,500,000 capitalization funds designated to specifically pay for:<br><br>i) Construction cost of a pirate-themed watercraft vessel that was to be used in conjunction with a non-profit, childrens "wish" fulfilling charity, WishCruise Navy ("WCN"), and WCN programs involving children suffering with a life-threatening illness, as well as other community service programs including juvenile delinquency diversion and career pathway |

| Foster Complaint | WishCruise Complaint |
|---|---|
|  | education programs for "at risk" youth; and<br><br>      ii) Provide WCPA start-up costs and initial operating expenses.<br><br>     b. Once WCPA was established, its primary purpose was to manage said vessel, and vessel-related programs and use, for and on behalf of WishCruise Navy. |
| ¶25. Based upon defendant Keeping's personal reimbursement guarantee offer, coupled with plaintiff's prior knowledge of the WCPA trust fund balance on deposit with RBC, plaintiff accepted defendant Keeping's offer and, on defendant Keeping's behalf, made the $50,000 boat building installment payment to Gambol on March 28, 2013. | ¶30. Based upon Keeping's personal reimbursement assurance, coupled with WCPA having previously confirmed on February 13, 2013, that $1,467,169 had been deposited in the 1727482 Alberta RBC trust/holding account, WCPA's manager, at Keeping's request and on WCPA's behalf, Chuck Foster used his personal funds as requested to pay the $50,000 initial vessel construction installment payment to Gambol Marine Industries on the extended, March 26, 2013, payment due date. |
| ¶30. On or about February 13, 2013, when plaintiff initially spoke with RBC staff about the initial $53,482 wire transfer from RBC to WCPA, he was told the RBC account from which the wire transfer was coming contained $1,467,169. On April 4, 2013, however, RBC staff told plaintiff that, "*Our records indicated all but the current balance of $11,507 in this account was* | ¶34. When WCPA initially spoke with RBC bank staff about the initial $53,482 wire transfer to WCPA on February 13, 2013, WCPA was told the RBC account from which the wire transfer was coming was 1727482 Alberta Ltd and that this account had a balance of $1,467,169. When WCPA recontacted the RBC on April 4, 2013, however, RBC staff told |

| Foster Complaint | WishCruise Complaint |
|---|---|
| *withdrawn on February 25. 2013.* " [Underline emphasis added] | WCPA that bank records indicated, "... all but the current balance of $11,507 in this account had been withdrawn on February 25, 2013. Bank officials also told WCPA that Keeping was the person requesting the funds be withdrawn. |
| ¶31. Plaintiff subsequently discovered that the WCPA capitalization funds defendants withdrew from the RBC on February 25, 2013, were used to make other business investments, purchases and/or improvements to properties in which defendants had an ownership interest, including: VinKing Marine Enterprises, Inc. (Port Harmon Authority, Port of Belledune and Charlo Airport); Ocean View Estates; T.S. Signs; and/or Keeping's rental properties in Fort McMurray, Alberta. | ¶35. WCPA subsequently discovered that its capitalization funds had been taken and used by defendants Keeping and/or Merkel to make personal business purchases and/or investments in Newfoundland, Canada, e.g., land and a commercial building from Shawn Simon (Simon's Holding Ltd); and the *VinKing Marine Enterprises/Port Harmon Authority* business from Cecil Stein resulting in defendants getting vice-president positions and acquiring substantial VinKing/Port Harmon Authority company stock interest. |
| ¶32. When defendants learned that plaintiff had discovered their false, fraudulent representations, including details of the unlawful withdrawal of WCPA's capitalization funds from the purported RBC "trust account" on February 25, 2013, they stopped answering or returning any of plaintiff's phone calls, voice or email messages. | ¶36. When defendants learned that WCPA had discovered their false representations, including details of the unknown and unapproved withdrawal of WCPA's capitalization funds, defendants stopped answering or returning any of WCPA's numerous phone calls, voice or email messages. |

| Foster Complaint | WishCruise Complaint |
|---|---|
| ¶33. Defendants also ignored or disregarded plaintiff's repeated pleas for assistance to prevent or mitigate existing and further anticipated damages, including their failure to provide plaintiff with the name of their attorney, or instruct their attorney to contact him. | ¶37. Defendants also ignored and/or disregarded WCPA's repeated pleas for assistance to prevent or mitigate existing and further anticipated damages, including their failure to provide the name of their attorney, or instruct their attorney to contact WCPA. |
| ¶38. When the defendants made their reimbursement assurances to plaintiff, they knew them to be false, and made them with intent to deceive and defraud plaintiff by inducing him to act in the manner herein alleged. | ¶45. Defendants Keeping and Merkel knew their omissions, information and assurances they gave to WCPA were false and misleading, and made said assurances with intent to mislead, deceive and defraud WCPA, and WCPA's manager, causing same to act in the manner herein alleged. |

As is clear from the above chart, the attached exhibit and review of the complaints filed in these matters, not only are the allegations of fact in most instances substantially similar, they are in fact often <u>identical</u> both in substance and verbage. Further, in the second filed *WishCruise* Complaint, the plaintiff has alleged damages of $50,000 for "WCPA Manager Reimbursement" in his Prayer for Relief. This is the same claim made by Foster in the first filed Complaint. WishCruise Complaint, page 15, ¶1, Foster Complaint, page 15, ¶ 1.

### III. CONSOLIDATION PROMOTES JUDICIAL ECONOMY AND WILL REDUCE EXPENSES FOR THE PARTIES

As aforestated, these two actions are based on overlapping and/or identical issues which will require the Court to address the same questions of law and fact

in pre-trial proceedings, discovery, and at trial, if applicable. For cases this inextricably intertwined both in the required determinations of law and fact, consolidation is appropriate and necessary to avoid overburdening the Court and causing unreasonable expense to all parties to litigate two unnecessarily separate actions. *See In re Adams Apple, Inc.* 829 F. 2d 1484, 1487 (9th Cir. 1987).

## IV. CONSOLIDATION WILL REDUCE RISKS OF INCONSISTENT FINDINGS OF FACT AND JUDGMENTS

Allegations and requests for damages occur in both the *Foster* case and are again requested in the *WishCruise* filing, as described and detailed herein. To permit both of these matters to go forward separately will require the parties and the Court to address the same pre-trial motions stemming from the same alleged facts and occurrences and seeking the same or similar relief, twice. This redundancy is an unnecessary burden on both the Courts and the parties, and risks inconsistent findings of fact and rulings on the same matters.

## V. CONSOLIDATION DOES NOT PREJUDICE EITHER PARTY, AND THERE IS NOT A RISK OF DELAY TO TRIAL OF EITHER MATTER AS A RESULT OF CONSOLIDATION

When cases are at different stages of preparedness for trial, Courts may opt to deny consolidation. *See Mills v. Beach Aircraft Corp.*, 886 F. 2d. 758, 762 (5th Cir.1989). However, this is not the situation with these pending matters. As previously described herein, responsive pleadings have not yet been filed in either the *Foster* nor the *WishCruise* matter. Service allegedly was first effected upon the moving defendants on the 3rd and 4th of December in each case, respectively. Consolidating the cases at this preliminary stage in litigation poses no risk of delay of trial in either matter.

# CONCLUSION

These actions present common questions of both law and fact, and for the aforestated reasons, the defendants respectfully request that this Honorable Court consolidate the *Foster* Action completely for all purposes including trial with the *WishCruise* Action under FRCP Rule 42(a).

Dated: February 4, 2014            ASHCROFT LAW FIRM, LLC

/s/Michael J.Sullivan
Michael J Sullivan, Esq.

/s/Amy D. Barry, Esq.
Amy D. Barry, Esq.

*Admitted Pro Hac Vice*
Attorneys for Defendants,
Theresa Keeping, Dale Merkel
and 1727482 Alberta Ltd., Inc.